UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>Andrew R. Whelchel,<br><br>    Debtor.<br><br>Carrington Mortgage Services, LLC, its assignees and/or successors in interest,<br><br>    Movant.<br><br>v.<br><br>Andrew R. Whelchel<br><br>and<br><br>Tracy A. Brown, Trustee,<br><br>    Respondents. | Case No. 18-41452<br><br>Chapter 7<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM STAY**<br><br>John P. Miller #38233 MO<br>Dunn & Miller, PC<br>13321 North Outer Forty Rd., Ste. 100<br>St. Louis, MO 63017<br>(314) 786-1200<br>Fax: (314) 786-1201<br>jmiller@dunnandmiller.com<br><br>Hearing Date:   June 5, 2018<br>Hearing Time:   9:30 a.m.<br>Objection Date:  May 29, 2018 |

      PLEASE TAKE NOTICE, that the Motion of Carrington Mortgage Services, LLC seeking the termination of the automatic stay with regard to real Property described as **313 Kronos Dr., De Soto, MO 63020-4661**, the undersigned will move before the Honorable Charles E. Rendlen III, in Thomas F. Eagleton Building (U.S. Courthouse), Courtroom 7 South, 111 South Tenth Street, St. Louis, Missouri 63102, on **June 5, 2018** at **9:30 a.m.**

**WARNING: THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.**

1

**YOU MUST FILE AND SERVE YOUR RESPONSE BY MAY 29, 2018.**

**YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. THE DATE IS SET OUT ABOVE. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

## MOTION FOR RELIEF

Carrington Mortgage Services, LLC, its assignees and/or successors in interest, ("Movant" herein) alleges as follows:

1. That on or about March 13, 2018, the Debtor filed his Chapter 7 Petition.

2. Movant is the current payee of promissory note dated February 2, 2007 in the principal amount of $110,269.00 ("Note" herein) secured by a senior deed of trust ("Trust Deed" herein) upon property generally described as **313 Kronos Dr., De Soto, MO 63020-4661**. Movant was assigned the beneficial interest in said Trust Deed by an Assignment of Deed of Trust dated March 26, 2018 and recorded March 26, 2018.

3. Carrington Mortgage Services, LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the promissory note. Movant will enforce the promissory note as transferee in possession. Movant is the original mortgagee or beneficiary or the assignee of the deed of trust.

4. Debtor has elected to surrender the subject Property, as evidenced by the Statement of Intention.

2

5.  As of May 1, 2018, the outstanding Obligations are:

| | |
|---|---|
| Unpaid Principal Balance | $91,543.81 |
| Unpaid, Accrued Interest | $3,875.36 |
| Escrow/Impound Required | $1,623.49 |
| FHA Premium Due HUD | $73.56 |
| Late Charges Due | $71.44 |
| Fees Currently Assessed | $100.00 |
| Less:  Partial Payments | ($0.00) |
| Minimum Outstanding Obligations | $ 97,287.66 |

6.  In addition to the other amounts due to Movant reflected herein, as of the date hereof, in connection with seeking the relief requested in the Motion, Movant has also incurred $781.00 in legal fees and costs.  Movant reserves all rights to seek an award or allowance of such fees and costs in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

7.  The following chart sets forth the number and amount of payments due pursuant to the terms of the Note that have been missed by the Debtor:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 4 | 10/1/17 | 1/1/18 | $893.19 | $3,572.76 |
| 1 | 2/1/18 | 2/1/18 | $946.47 | $946.47 |
| 3 | 3/1/18 | 5/1/18 | $942.73 | $2,828.19 |
| Late Charge: $71.44 | | | | |
| Corporate Advance: $60.00 | | | | |
| Expense Advance: $40.00 | | | | |
| Less partial payments: | | | | ($38.62) |
| | | | **Total:** | **$7,480.24** |

8.  Relief from stay shall be granted with respect to an act against property if the Debtor does not have equity in the property and if the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). Chapter 7 is a mechanism for liquidation, not reorganization, and therefore, property of the estate is never necessary for reorganization. *In re*

3

*Casgul of Nevada, Inc.*, 22 B.R. 65, 66 (B.A.P. 9th Cir. 1982). Pursuant to 11 U.S.C. § 362(d)(2), all liens encumbering the collateral are taken into account in determining whether the Debtor has equity. *See* Stewart v. Gurley, 745 F.2d 1194, 1196 (9th Cir. 1984).

9. Based on Debtor's Schedules A and D, the value of the property is $100,500.00, less 8% of the cost of sale, $8,040.00. When compared to the Debtor's outstanding obligations under the Note, with the Movant in the sum of $97,287.66, the Debtor has no equity in the Property. Since a Chapter 7 proceeding does not contemplate reorganization, the Property is not necessary for reorganization. Accordingly, relief from the automatic stay is warranted under 11 U.S.C. §362(d)(2).

10. Grounds exist to grant relief from stay for the reasons that Movant is not adequately protected, that the subject Property is not necessary to effectuate Debtor's rehabilitation, and that it would be unfair and inequitable to delay this Movant in the foreclosure of its deed of trust.

11. This Court has jurisdiction of this action pursuant to the provisions of Title 28 U.S.C. § 1334 and 157 and 11 U.S.C. §§ 362(d)(1) and (d)(2).

WHEREFORE, Movant prays:

1.) For an Order granting relief from the Automatic Stay, permitting this Movant to move ahead with foreclosure proceedings under Movant's Trust Deed and to sell the subject Property under the terms of said Trust Deed, including necessary action to obtain possession of the Property.

2.) For an Order that, in addition to foreclosure, permits activity necessary to obtain possession of said collateral; therefore, Movant is permitted to engage in loss mitigation activity, including short payoff, short sale and the obtaining of a deed-in-lieu of foreclosure including authorization to negotiate inferior liens. Movant is further permitted to send information regarding these loss mitigation options directly to the Debtor.

3.) For an Order that shall provide for the 14-day Stay described by Bankruptcy Rule

4

4001(a)(3) to be waived.

  4.)  For such other relief as this Court deems appropriate.

## EXHIBIT SUMMARY

Pursuant to L.B.R. 9040-1, the following exhibits are referenced in support of Movant's motion for relief. Copies of these exhibits will be provided as required by Local Rules:

1. Note executed by Debtor on February 2, 2007 in the amount of $110,269.00.
2. Deed of Trust recorded February 8, 2007 as Document #2007R-006298 10.
3. Assignment recorded 03/26/2018.
4. Statement of Intention.
5. Debtor's Schedules A/B & D.


Dated:  May 9, 2018    By: /s/ John P. Miller
         JOHN P. MILLER, #38233MO
        Retained Counsel
        Dunn & Miller, PC
        13321 North Outer Forty Road, Ste. 100
        St. Louis, MO 63017
        (314) 786-1200
        (314) 786-1201 fax
        jmiller@dunnandmiller.com
        FHAC.241-6294

## **CERTIFICATE OF SERVICE**

  I certify that a true and correct copy of the foregoing document was filed electronically on May 9, 2018 with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice list.

  I certify that a true and correct copy of the foregoing document was filed electronically with the United States Bankruptcy Court, and has been served by Regular United States Mail Service, first class, postage fully pre-paid, addressed to those parties listed on the Court's Manual Notice List and listed below on May 9, 2018.

Andrew R. Whelchel
5300 Jeanette Drive
Apt 3
Imperial, MO 63052
Debtor

                 By: /s/ John P. Miller
                    John P. Miller

6